In the Matter of the Claim of WILLIAM E. PHONVILLE, Respondent, against NEW YORK AND CUBA STEAMSHIP COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — rate of compensation for injuries.**

The Workmen's Compensation Law (Cons. Laws, ch. 67) fixes but one rate of compensation for injuries. The workman is to receive two-thirds of his weekly wages not exceeding a certain sum. The extent of his injuries limits not the amount of these payments but the time during which they are to continue.

*Phonville* v. *N. Y. & Cuba Steamship Co.,* 187 App. Div. 912, reversed.

(Argued April 8, 1919; decided April 22, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 28, 1919, modifying and unanimously affirming as modified an award of the state industrial commission made under the Workmen's Compensation Law.

*E. C. Sherwood, William B. Davis* and *Amos H. Stephens* for appellants.

*Charles D. Newton,* Attorney-General (*E. C. Aiken* of counsel), for respondent.

*Per Curiam.* The industrial commission has found that the claimant has lost the use of seventy-five per cent

of his right hand. His weekly wages being $35.09, it awarded him $20 a week for 183 weeks. Unanimously approving the findings of fact the Appellate Division altered this award to $15 a week for 244 weeks. In this it erred. The act fixes but one rate of compensation for injuries. The workman is to receive two-thirds of his weekly wages not exceeding a certain sum. The extent of his injuries limits not the amount of these payments but the time during which they are to continue. If for the loss of a hand that time is 244 weeks, for the loss of three-fourths of the hand, it is 183 weeks. The weekly compensation for the loss of a hand, arm, foot, leg or eye is not to exceed $20 a week. Permanent loss of the use of any such member is equivalent to the loss. The same measure applies to it. In other cases $15 is the limit. In 1917 an award was authorized for the proportionate loss of the use of a hand. Clearly the compensation for such proportionate loss is intended to be some fraction of the amount allowed for the total loss. The weekly limit is $20 not $15.

Because of the unanimous affirmance no other questions need be considered by us.

The order of the Appellate Division should be reversed and the award of the state industrial commission affirmed, but without costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc. _____