In the Matter of the Claim of HARRY DORSEY, Respondent, against MARGUERITE MONTGOMERY and EAGLE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law. Employer owned and operated about seventy houses and buildings. Claimant was employed by the Works Progress Administration three days a week and at other times worked for the employer here. While painting one of the employer's buildings, a ladder furnished by the employer slipped and he was injured. The proof supports the finding of the State Industrial Board that the claimant was an employee at the time of the accident and not an independent contractor. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Claim of RUSSELL R. ROWE, Appellant, against PATRICK McGOVERN, INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.— The facts are not in dispute. Claimant lost fifty per cent hearing of each ear. The Board has allowed a schedule loss under the first clause of paragraph " m " of subdivision 3 of section 15 of the Workmen's Compensation Law for sixty weeks (thirty weeks for each ear). Claimant asserts that he is entitled to a schedule loss of seventy-five weeks under the latter part of paragraph " m " of subdivision 3 of section 15, one-half of 150 weeks allowed for loss of hearing of both ears. Award reversed for the purpose of making an award for seventy-five weeks, with costs to the claimant against the employer. The accident having occurred July 16, 1930, the delay is shocking. The court, therefore, in the interest of expedition, grants leave to appeal to the Court of Appeals, and hereby certifies that the following question of law has arisen which in its opinion ought to be reviewed by the Court of Appeals: Is the claimant entitled to a schedule loss of seventy-five weeks under paragraphs " m " and " s " of subdivision 3, section 15 of the Workmen's Compensation Law? Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.