NOWLIN *v.* MISSISSIPPI CHEMICAL CO., et al.

Feb. 1, 1954

No. 39041          51 Adv. S. 63          70 So. 2d 48

*L. Barrett Jones, Crisler & Crisler,* Jackson; *Lemuel C. Parker,* Baton Rouge, Louisiana, for appellant.

*Young & Daniel,* Jackson, for appellees.

*Pyles & Tucker,* Jackson, Amicus Curiae.

APPELLEES IN REPLY TO AMICUS CURIAE,
PYLES & TUCKER.

878

AMICUS CURIAE, PYLES & TUCKER, IN REPLY TO APPELLEES.

*Stevens & Cannada,* Jackson, Amicus Curiae, Replying to Pyles & Tucker, Amicus Curiae, On Behalf of Standard Accident Insurance Company.

LEE, J.

The inquiry in this case concerns the benefits to which W. M. Nowlin is entitled in his claim, under the Workmen's Compensation Act, for partial loss of use of his right leg.

On September 11, 1950, he was working as a pipe fitter for Mississippi Chemical Company. He fell from a scaffold, 8 or 10 feet high, as the rope broke when he was twisting it for the purpose of moving pipe. He sustained comminuted fractures of the distal ends of the right tibia and fibula. He had several bruises, and the ankle was dislocated. He also complained somewhat of his back. The medical evidence as to his permanent disability con-

sisted of the opinions of two doctors. One was to the effect that the disability to the leg was approximately 25 per cent, and that the mild sprain of the back would cause no permanent disability. The other opinion was that the disability was around 35 to 40 per cent, referable to the leg, and agreed that there was no disability on account of the back. Nowlin was earning $90 per week at the time. He was 51 years of age, had completed the eighth grade in school, and was experienced in no other kind of work, except firing steam boilers.

The hearing officer found that Nowlin has a residual permanent disability to his right leg in the amount of 35 per cent, and directed the payment to him of $25 per week for 35 per cent of 175 weeks. On successive appeals by Nowlin to the full commission and to the circuit court, the finding of the hearing officer was affirmed. He now appeals here.

Appellant contends, first, that he is permanently disabled to do the type of work in which he is experienced, and that he is, therefore, entitled to benefits for 450 weeks. But, secondly, if he is mistaken in that contention, then the correct formula is to take 66 2/3 per cent of his weekly wage of $90, that is, $60, and multiply the same by 35 per cent to ascertain the weekly benefit; and such benefit should then be multiplied by 175 weeks. In other words, the proper formula is $90 x 66⅔% x 35% x 175. The total compensation, under that formula, would amount to $3,675, whereas, under the formula actually used, it will aggregate $1,531.25.

The provisions of the Workmen's Compensation Law applicable to this question are paragraphs (2), (18) and (19), subsection (c), Section 6, Chapter 412, Laws of 1950, Section 6998-09, Chapter 4, Vol. 5A, Recompiled, Code of 1942 Annotated, and are as follows:

"Member lost          Number Weeks Compensation

(2)  Leg                            175
"  .   .   .

"(18) Total loss of use: Compensation for permanent total loss of use of a member shall be the same as for loss of the member.

"(19) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member."

In M. T. Reed Construction Company v. Martin, 215 Miss. 472, 61 So. 2d 300, Martin, a skilled carpenter, who had followed that occupation since his early youth, and was not trained for any other work, sustained a broken femur bone. Because of his advanced age and physical condition, it appeared most unlikely that he would be able to pursue any other gainful employment, and his inability to do so was held to be the proximate result of the loss of use of his right leg. In answer to his contention, on cross appeal, that he was entitled, because of total and permanent disability, to receive benefits under subsection (a), Section 8, Chapter 354, Laws of 1948, now subsection (a), Section 6, Chapter 412, Laws of 1950, par. (a), Section 6998-09, Vol. 5A, Recompiled, Code of 1942 Annotated, the Court said: "But the disability with which we deal is occasioned by the loss of the use of the leg, and the maximum period for which recovery is permitted, on that account, is fixed arbitrarily at 175 weeks." That case is decisive against appellant's first contention. It has been re-examined, and is now re-affirmed.

It has been seen, from the provisions hereinabove quoted, that no claimant, for the loss, or the total loss of use, of a leg, is entitled to more than $25 per week for 175 weeks. In other words, if Nowlin's leg had been cut off, or if he had sustained a total loss of the use of the leg, his total compensation in either event, could not exceed $4,375. Now a 35 per cent partial loss of use would entitle him, proportionately, to 35 per cent of $4,375, or $1,531.25. But according to the appellant's contention, the total amount of his benefits should be $3,675. If that position is sound, this result would fol-

low: $3,675 is actually 84 per cent of the maximum benefit which claimant would receive, if he had sustained a total loss of use of his leg. The effect of such a formula would be to write the word "proportionate" in paragraph (19), supra, completely out of the act. Carrying that contention further, if claimant's disability had amounted to 50 per cent, he would then be entitled to $5,250—more than for the loss, or total loss of use, of his leg. One with a larger weekly wage could obtain a correspondingly larger amount. For instance, under that formula, an employee with a weekly wage of $212, with a 35 per cent partial loss of use of his leg, would be entitled to collect total compensation of $8,600, and thus would receive as much compensation as if he had been blinded in both eyes or had both legs completely severed. Subsection (a), Section 6, supra. The formula, which was adopted by the hearing officer, namely, $25 x 35% x 175 was in accordance with the law.

The Workmen's Compensation acts of Arkansas and New York, on the point here under consideration, have provisions which are very similar to our law. Paragraphs (2), (20) and (21), subsection c, Section 81-1313, Chapter 4, Vol. 7, Arkansas statutes, 1947 Annotated; New York Compensation Law of 1913, as re-enacted by Chapter 41, Laws of 1914, and amended by Chapter 615, Laws of 1922. The formula, which is being approved in this case, has been heretofore adopted by the courts of those states. See Caddo Quicksilver Corporation v. Barber, 204 Ark. 985, 166 S. W. (2d) 1; Feazell v. Summers, 234 S. W. (2d) 766; Lion Oil Company v. Reeves, 254 S. W. (2d) 450; Rowe v. Patrick McGovern, Inc., 257 App. Div. 1095, 14 N. Y. S. (2d) 640; Phonville v. New York & Cuba S. S. Company, 226 N. Y. 622, 123 N. E. 258. Of like effect is Follette v. Voris, 205 F. (2d) 542 (C. C. A. 8th Cir.); Cert. Den. 74 S. Ct. (Adv. Sheet No. 3, p. 136), which involved a construction of the Longshoremen's and Harbor Workers compensation act, Chapter 18, Title 33, U. S. C. A., the provisions of which act, in this par-

ticular, are identical with the corresponding provisions of the Mississippi act.

In Lion Oil Company v. Reeves, supra, where the claimant had sustained a 75 per cent loss of use of his hand, and 150 weeks was the maximum period over which benefits could be paid for the total loss of use thereof, it was held that since the degree of impairment was but 75%, the top allowable of $25.00 per week would be ¾ of 150 weeks (112½) multiplied by the monetary factor of $25.00.

And in Phonville v. New York & Cuba S. S. Company, supra, where there was a 75 per cent loss of use of a hand and 244 weeks was the maximum period over which benefits could be paid for the total loss of use thereof, the Court held that: "The extent of his injuries limits, not the amount of payments, but the time during which they are to continue. If for the loss of a hand that time is 244 weeks, for the loss of three-fourths of the hand it is 183 weeks." The maximum weekly benefit in that case was $20.

Appellant finds some authority for his contention in decisions of the Louisiana and Texas courts. Morgan v. Standard Accident Insurance Company, 51 So. 2d 107, and cases there cited; and Texas Employers Insurance Association v. Holmes, 196 S. W. 2d 390, and cases there cited. However, if the difference between our act and the statutes, which those cases construe, do not distinguish them from this case, we think that the construction, which is now being placed on our act, is sounder, and we decline to follow those authorities.

Affirmed.

All Justices concur except *Gillespie, J.,* who took no part.