MACHINE PRODUCTS Co., INC., et al. *v.* WILEMON

No. 40944          December 8, 1958          107 So. 2d 114

*Robert D. Patterson,* Aberdeen, for appellants.

*Brown* & *Elledge,* Fulton, for appellee.

LEE, J.

The Attorney Referee denied the claim of Walter E. Wilemon, under the workmen's compensation law, against Machine Products Co., Inc., and its insurer for benefits by reason of alleged injuries to the right foot and back. The Commission affirmed the disallowance; but on appeal, the circuit court reversed the order of the Commission and made an award for the foot injury. From the judgment entered, the employer and its insurer appealed, and the claimant prosecuted a cross-appeal.

On June 7, 1955, while Wilemon was working for Machine Products Company of Aberdeen, Mississippi, at a weekly wage of $51.26, a pallet, upon which heavy batteries were placed, fell upon his right foot. He was sent to Dr. L. R. Murphree, the company doctor, who admitted him to the hospital. The doctor found that the foot was badly mashed, and, by the use of x-rays, discovered that two metatarsus bones, both a first and a second, were broken. He kept the patient in the hospital for three days, and, during that time, placed the bones in alignment and put the foot in a cast.

Several days later, Wilemon began to move about on crutches. After six or eight weeks, the cast was taken

off. At that time the foot was sore, but Wilemon was able to walk. On July 18, the doctor discharged him as cured and deemed that he would be able to return to work on July 25. Wilemon did return to work on that date, and, on August 5, the company gave him his final compensation check. However, he refused to sign the papers until he should be finally released by the doctor. On August 24, he signed the papers which recited that he had returned to work on July 25, after having a disability of six weeks and five days, for which he was paid at the rate of $25 per week.

Wilemon testified that he had one severe attack of pain while the cast was on his foot, and that it was tender when the cast was removed; that, when he returned to the job, it was agreed that he would do light work; but that he was assigned as a labor foreman over three or four negroes, and had to stand on his feet most of the time. As a result, he endured considerable pain; and, after two or three weeks, he went back to Dr. Murphree, who took more x-ray pictures, and continued to treat him. He made no complaint to his employer because he said that he was trying to "wear it out." Finally on November 4, the company discharged him, assigning as its reason the necessity to reduce the force. Wilemon took another job, but was able to work only two days because his foot and back swelled to such an extent that he could not stand the pain. He further testified that at the time of the trial, he was unable to work.

Dr. Murphree testified that he noted tenderness upon removal of the cast, but thought the condition would clear up quickly. About a month later, Wilemon still had the tenderness. On the next examination, x-rays were made, and the doctor found some arthritic changes. He arrived at this diagnosis on account of an absorption of calcium. The doctor was of the opinion that Wilemon, following the injury, developed a traumatic arthritis in his foot, and that his back trouble should be attributed to the

strain in walking on crutches at the time when he was wearing the cast and not from the arthritic condition. The patient reached maximum recovery about January 16, 1956, and has not improved since. The doctor, on the basis of what Wilemon was able to do before the injury and what he is now able to do, was of the opinion that the claimant had sustained a disability of at least 33-1/3 per cent.

The employer, in no particular, disputed the manner in which the claimant received his injury or in the original nature thereof.

But following the introduction of the evidence for the claimant, the Attorney Referee, on motion of the insurance company, ordered an examination of the claimant by Dr. T. S. Eddleman. This doctor, on May 4, 1956 made a detailed report of his examination, in which he did find ''There was tenderness through the forefoot and the patient indicated some numbness of the great and second toe'' and ''There was some limitation of flexion of the second toe at the mp joint.'' While he did not think that an injury to Wilemon's foot would go up the leg to his back, yet, because of the possibility of a causalgia, which seems to be a neuralgia marked by an intense burning sensation, he referred the patient to Dr. Carl Brannon for further examination.

Dr. Brannon, on May 11, 1956, gave a detailed report of his examination, in which he stated: ''There was pain to pressure over the arch of the right foot and over the lateral aspect of the ankle.'' While he was of the opinion that the patient's clinical picture was not one typical of a causalgia state, he said, ''However, I felt that a sympathetic nerve block was indicated to see if any improvement could be obtained. Possibly by blocking the sympathetic nerves one or more times, the pain cycle may be broken and symptoms relieved.''

Thus from the examinations of Drs. Eddleman and Brannon, acting under appointment of the Attorney Ref-

eree, it is seen that neither of them was of the opinion that the claimant was suffering no disability. On the contrary, it appeared therefrom that the claimant was actually suffering pain in the foot, and that there was numbness in the broken toes and a loss of flexion.

Thus the principle announced in M. T. Reed Construction Company v. Martin, 215 Miss. 472, 61 So. 2d 300 and Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So. 2d 442, applies.

There was a difference of opinion between Drs. Murphree and Eddleman as to the back injury. Besides, according to Dr. Murphree, it resulted from strain occasioned by the claimant's walking on crutches during the convalescent period. It was not manifest that those movements of the claimant were a part of the necessary treatment for the injury. Thus the circuit judge was warranted in making an award for the disability as to the foot alone, and he properly adopted the formula of 33-1/3 per cent of 125 weeks at $25 per week. Nowlin v. Mississippi Chemical Co., 219 Miss. 873, 70 So. 2d 49.

It follows that the judgment of the circuit court must be, and is, affirmed on both direct and cross-appeals.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington,* and *Gillespie, JJ.,* concur.