WILSON *v.* INTERNATIONAL PAPER COMPANY

No. 40988 February 2, 1959 108 So. 2d 554

154

*Johnson & Johnson, Robert L. Netterville,* Natchez, for appellant.

*Gwin & Kuehnle,* Natchez, for appellee.

156

HALL, J.

■■ ■ This is a workmen's compensation case. At the outset it is well to bear in mind the few well-established principles which have been adopted not only in this state but in almost every state which has such a law. One of these principles is that there should be accorded to the Workmen's Compensation Act a broad and liberal construction and that doubtful cases should be resolved in favor of compensation and that the humane purposes which these acts seek to serve leave no room for narrow, techincal construction. Deemer Lumber Co. v. Hamilton, 211 Miss. 673, 682, 52 So. 2d 634; Lindsey v. Ingalls Shipbuilding Corporation, 219 Miss. 437, 447, 68 So. 2d 872.

■■ ■ Another principle to remember is that where the finding of the Commission on a disputed question of fact is supported by substantial evidence, we are not authorized to reverse its judgment ■■■ but that where there is no dispute as to the facts the matter for decision is one of law. Sones v. Southern Lumber Company, 215 Miss. 148, 153, 60 So. 2d 582.

■■■ As we view it there is no substantial dispute as to the facts in this case. The appellant had been in the employment of appellee for a period of seven years. The appellee is engaged in the business of manufacturing paper and related products from pulpwood. This wood is brought to the mill in rather large quantities in the form of small logs about five feet in length and this is

ground into small chips in a powerful machine and the chips are then put into a kind of vat where they are treated with chemicals and heat and hot water until the chips are converted into a thick pulp. In the course of this process the unfinished material is allowed to flow into the vat by means of the opening of a large valve. The man in charge of the operation of this vat is called a digestor cook and the appellant was employed as a helper to this cook and worked under his direction and supervision. The valves in question are controlled by a wheel similar to an automobile steering wheel which projects a short distance above the level of the floor and the valve is controlled by turning this wheel. These valves frequently got stuck so that they became very difficult to open and while the appellant was engaged in the work of opening one of these valves, his back was injured because of the difficulty in doing the job. This was on October 21, 1956. After he rested a while the pain subsided and he resumed his work for the remainder of the day, but the pain came back during the night and then again the next day, and he finally had to quit work. He immediately reported the matter to his superior who instructed him to report to the first aid station. He went to the nurse in charge of first aid with his complaint and then reported to a clinic in Natchez which is composed of several doctors who are engaged in the practice as a partnership.

Dr. T. H. Gandy, one of these doctors, found the appellant suffering with his back. Counsel for appellee have tried to make it appear that appellant's trouble was caused from a recent case of mumps, but Dr. Gandy testified positively that he had treated the appellant for mumps and that appellant was entirely recovered and was told by him to return to work on October 7, and he was positive in his testimony that the mumps had nothing to do with the back pain, and he was frank to say that while he knew something serious was wrong with the

appellant he was unable to say what the trouble was, and he referred appellant to Dr. Kisner who was unable to make any definite diagnosis and who called in Dr. Jack Phillips, an orthopedist at the clinic.

Dr. Phillips testified that he examined the appellant and found him suffering but was unable to make a diagnosis and referred him to Dr. Neill in Jackson, and he said that Dr. Neill had not reached a diagnosis.

All three of the Natchez doctors regularly represent the appellant and all of them testified that something was wrong with the appellant but that they were unable to find the cause.

Later the appellant went to Oschner's Foundation Hospital in New Orleans where he was examined by three doctors. Dr. Harold Frank Bolding, one of these, testified that the appellant is unable to work and that if he hurt his back while turning a valve as reported by him that the work contributed to his present condition.

Dr. John Moosey testified that he found the appellant also suffering with a weakness in his legs and that if the injury resulted from turning the valve in question on October 21, 1956, as reported by him, it was a contributing factor to his change in state of well-being.

Dr. Dean H. Echols testified that the appellant is totally disabled and that it was reported to him that the appellant sustained a low back strain while turning the valve in question, and it was his opinion that the turning of the valve was the contributing cause to appellant's present condition. Incidentally, two of the Natchez doctors testified that they had great confidence in the opinion of Dr. Echols and that they would accept what he said about it.

While some of the doctors were unable to say what was the trouble with appellant, they are all agreed that he is definitely disabled. In the case of Cowart v. Pearl River Tung Company, 218 Miss. 472, 476 and 482, 67 So. 2d 356, we said: ''The testimony is without con-

flict as to the nature and character of the work in which the employee was engaged at the time she was taken ill. The only apparent conflict in the testimony is in the particulars of what was testified to by the medical experts. * * * As stated in paragraph four of this opinion, the sole question presented to the attorney-referee and the commission for decision was whether or not the death of the employee was caused from an injury arising out of and in the course of her employment, whereas the sole question presented to us for decision as an appellate court is whether or not there was such substantial conflict in the testimony as to afford the attorney-referee and commission a reasonable basis for the denial of the claim as the triers of fact. On the issue of whether or not the exertion which was occasioned by the employee stooping and bending to pick up the tung nuts from the ground, had contributed to, aggravated or accelerated the employee's blood pressure so as to precipitate the rupture of the blood vessel on the brain, we do not think there is sufficient conflict in the testimony of the two physicians who testified in the case to justify the denial of the claim for compensation.''

In the case of M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 476, 61 So. 2d 300, we said: ''The evidence of the two doctors is not actually conflicting, but can be easily reconciled. One doctor, on the basis of his treatment and findings at the time of discharge, was of the opinion that the disability amounted to ten percent, which he subsequently increased to twenty percent. This was, in effect, a prediction as to what would happen in the future. Against such prediction was the positive testimony of the other doctor, who found the knee to be swollen; that it fluctuated in size; that the claimant suffered pain; that he was unable to work; and that he can never recover. This evidence verified and confirmed the claimant's version.''

In the case of International Paper Company v. Handford, 223 Miss. 747, 78 So. 2d 895, we quoted with approval from the case of Reyer v. Pearl River Tung Co., 68 So. 2d 442 that "The inability of doctors to put their fingers on the exact physical cause should not result in casting the claim overboard. With all of the knowledge now possessed by the great medical profession, it is a matter of common knowledge that sometimes the diagnosis of human ailments baffles the greatest medical minds."

In the case of Webster Construction Co. v. Bates, 227 Miss. 207, 217, 85 So. 2d 795, we said: "Doctor Atwood's testimony, we think, clearly showed that the claimant had no wage-earning capacity at the time of the hearing, and Doctor Atwood's testimony on that vital point was uncontradicted. It was not inherently improbable, incredible, unreasonable, or untrustworthy, and in our opinion cannot be arbitrarily rejected."

The medical proof in this case is undisputed that the claimant is totally disabled and the mere fact that the Natchez doctors were unable to make a definite diagnosis of his trouble was no reason for rejecting the claim, and there was no substantial evidence to support the opinion of the attorney-referee, the full commission, and the circuit court.

Since there is no substantial dispute in any of the testimony, medical or otherwise, we are of the opinion that the appellant, on the record in this case, is entitled to a judgment against the appellee for temporary total disability, and the judgment of the lower court will, therefore, be reversed and such judgment entered in favor of the appellant.

 The attorneys for appellant are allowed a total fee of one-third of the amount to be recovered in this case.

Reversed and judgment here and cause remanded.

*Roberds, P. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.