LUKER *v.* GREENVILLE SHEET METAL WORKS, et al.

No. 41746          March 13, 1961          127 So. 2d 863

*Philip Mansour,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

LEE, P. J.

Willard Luker, 28 years of age, married and the father of two children, earning a weekly wage of $76.80, on October 22, 1959, while in the employ of Greenville Sheet Metal Works, in the act of rolling metal into pipes, caught his hand in the roller.

Dr. John W. Williams treated the injured man promptly. He found injuries to the third, fourth and fifth fin-

gers, as he designated them. According to the classification under the Workmen's Compensation Act, the five fingers are designated as the thumb and four fingers. The injured members were actually the second, third and fourthfingers. The tendons in both the second and third fingers were severed. The laceration of the second finger was at the distal inner phalangeal crease, and of the third, it was just proximal to the same crease. The severed tendons were sewed together. There was no involvement of the tendon in the fourth finger, but the skin wound was sutured. The doctor advised Luker that he could return to work on November 30th, and he continued to see the claimant until January 22, 1960. It was the doctor's opinion that Luker had sustained a 25% loss of the use of his second and third fingers, which, he thought, would improve with more use. The only residual disability to the fourth finger was a very small scar. The doctor also expressed the opinion that the disability, if rated to the hand, would amount to about 10% of the loss of its use.

Dr. H. Nelson Hamilton made an examination on January 29, 1960, to evaluate the disability. He described the condition which he found, saying that the distal joints of the second and third fingers were stiff and that the fourth was slightly so. In his opinion, there was a 50% disability of both the second and third fingers and about 5% to the fourth finger; and that the disability to the hand as a whole was 25%.

Luker testified that he had very little strength in his hand and was unable to do the kind of work in which he was experienced. His boss, Gale Bemus, testified that, during the last two weeks, Luker had done practically the same kind of work in which he had been engaged prior to his injury. He admitted, however, that there was some difference in his ability to perform.

The attorney-referee held that the claimant had sustained a 25% permanent partial disability to the hand as

a whole, and awarded him $35 per week for 37½ weeks under Section 6998-09 (c) (3) (21), Code of 1942, Recompiled.

On review, the Commission accepted Dr. Hamilton's evaluation of 50% disability to the second and third fingers, but held that the attorney-referee was in error in proportioning the disability to the loss of the use of the hand. It therefore allowed temporary total disability at $35 per week from October 22nd to December 2, 1959, permanent partial disability of 50% to the second finger for ten weeks, and permanent partial disability of 50% to the third finger for 7½ weeks, or a total of 17½ weeks.

The claimant appealed to the circuit court, and the order of the Commission having been affirmed, he brings his appeal here.

██ █ It is the contention of the appellant that he is entitled under Subsection (22) of the above section to have the disability proportioned to the whole hand under Subsection (17), and that the record shows a greater loss than the attorney-referee awarded.

Under Section 6998-09 (c) (9) the number of weeks compensation for the loss of the second finger is 30, and, under Subsection (10) thereof, for the loss of the third finger, the number of weeks is 20. However, there was no loss to either finger, as contemplated by Subsection (17), nor was there any total loss of use of either member equivalent to the loss of the same under Subsection 18.

The appellant's contention is therefore untenable. Besides, the application of Subsection (17) appears to be within the discretion of the Commission.

██ █ The disability here must be measured by Subsection (19), which provides as follows: "Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member." See the for-

mula as applied in Nowlin v. Mississippi Chemical Co., et al., 219 Miss. 873, 70 So. 2d 49.

For the second finger, the formula will be $35 x 50% x 30, or $525; and for the third finger, it will be $35 x 50% x 20, or $350.

The Commission, in its order, must have been confused because of the way in which the fingers were designated as it allowed an aggregate of only 17½ weeks or $612.50 for the injury to the fingers.

It therefore follows that the judgment of the circuit court, affirming the order of the Commission, was erroneous in this respect, and the same must be reversed and rendered for a total of $875 instead of $612.50 for the injuries to the fingers. The judgment of the circuit court, which affirmed the order of the Commission, in all other respects is affirmed, and the cause is remanded to the Commission.

Affirmed in part, and in part reversed and rendered.

*Kyle, Gillespie, McElroy* and *Jones, JJ.*, concur.