O'NEAL *v.* MULTI-PURPOSE MANUFACTURING Co., et al.

No. 42310          May 14, 1962          140 So. 2d 860

*P. L. Douglas,* Starkville, for appellant.

*William J. Threadgill,* Columbus, for appellees.

Lee, P. J.

E. G. O'Neal made a claim against Multi-Purpose Manufacturing Company and its insurer for workmen's

compensation benefits. The attorney-referee awarded compensation for permanent partial disability at the rate of $10 per week, commencing July 20, 1959, and payable during the continuance of such disability, as provided by Section 8 (c) (25) of the Workmen's Compensation Law, as amended, together with the expenses for medical services and supplies incidental thereto. The Commission, by a vote of two to one, reversed the order of the attorney-referee and denied benefits. On appeal, the circuit court affirmed the order of the Commission, and the claimant has appealed to this Court.

O'Neal, is a welder by occupation. In July 1958, he underwent a gall bladder operation. Thereafter, in October of the same year, he underwent another abdominal operation. The surgery, in both instances, was successful.

While working in the employ of the Multi-Purpose Manufacturing Company on July 1, 1959, he lifted a housing for a tractor elevator or stilts. A pain hit him in the abdomen. He reported the injury to his shop foreman, K. T. Sanders, who later, after O'Neal became nauseated, carried him to Dr. W. L. Stallworth for examination. On the advice of the doctor, O'Neal stayed off his feet and did no work until July 20th, at which time he returned to his job. He followed, as nearly as he could, the advice of the doctor not to lift anything heavy, and his employer furnished help to handle heavy objects. Because of pain and discomfort in connection with his work, Dr. Stallworth, who continued to see O'Neal a number of times, put an abdominal type brace on him. The claimant had worked regularly from July 20, 1959, until June 22, 1960, the date of the hearing. All employees had been given wage increases and his wage was increased from $1.47 to $1.55 per hour. O'Neal cannot lift as much as he did before the injury, and he suffers pain, if he tries to do so. His shop foreman testified that his work was satisfactory both before and

after the injury, and that he could do as much welding as ever, but admitted that he had instructed O'Neal not to lift anything heavy.

As stated above, Dr. Stallworth examined and treated the claimant. On December 7, 1959, Dr. Elton S. Thomas examined him. Dr. Dempsey C. Strange of Oktibbeha County examined the claimant on April 8, 1960. Thereafter, on April 30, 1960, Dr. Glenn B. Richardson examined the claimant. Drs. Stallworth and Strange did not testify, but their statements, by agreement of the parties, were introduced in evidence.

Dr. Stallworth, in his written statement under date of September 21, 1959, referring to his examination of the claimant on July 1, 1959, and subsequent treatments, said: "At this time he complained of acute tenderness at the site of an old gall bladder incision. This scar was very weak, potentially herniated. He was seen at intervals since that time, he continued to have discomfort at work. On September 11, 1959, he was measured for an abdominal support-Camp binder. He was advised to continue to wear this while at work or either resort to further surgery, which is very likely to be needed in the future."

Dr. Elton S. Thomas testified at a hearing on October 11, 1960. He had seen O'Neal on December 7, 1959, and made a complete examination. He said that the claimant was having pain, on palpitation, in the old gall-bladder incision. At that time, he found no evidence of hernia in the abdominal wall. His diagnosis was "a strain of the muscles of the abdomen and strain on the post-operative wound." This affected the scar tissue, and the muscular structure of the entire abdominal wall, including the soft tissue. Of course if he developed a hernia, it should be repaired by surgery. While he thought that the man ought to have already recovered from the injury, at the same time he was of the opinion that a full recovery should be effected

within three more months from the time he saw him. At the time he did not think there was a potential hernia. Whether one would develop was conjecture. The doctor did not know whether or not O'Neal had improved during the next three months, because he had never seen him again. He was asked if, three months after his examination, a competent doctor found tenderness and soreness in this area, how long it would require for a recovery. The doctor replied that, under such circumstances, he "could not possibly state how long in the future this man's pain would continue or his strain of the abdominal wall would continue, because it would be a very unusual situation." The doctor knew Dr. Dempsey Strange, regarded him as a reputable physician and surgeon, and said that he would accept that doctor's diagnosis.

Dr. Dempsey C. Strange of Starkville examined O'Neal on April 8, 1960. His statement, of the same date, said: "I have examined Mr. E. G. O'Neal today. He gave a history of lifting heavy object while at work on July 1, 1959, at which time he experienced severe pain in right upper abdomen. This was in old scar from gallbladder surgery. There is no rupture now, only tenderness, but in my opinion this man is a potential candidate for a hernia, exaggerated by this injury."

Dr. Glenn B. Richardson was offered as a witness for the claimant. He testified that he made his examination on April 30, 1960, after first obtaining a history of the case. In the doctor's opinion, O'Neal had an abdominal weakness in the region of the scar which resulted from his past surgery. He found a definite weakness and bulging in the walls. In his opinion, the lifting could or would cause that condition. He described it as a weakness and not a hernia. In his opinion the condition was permanent and would affect his ability to lift heavy objects. He did not advise surgery unless the claimant was suffering terrible pain.

Thus the examinations by Dr. Strange and Dr. Richardson were made more than four months after Dr. Thomas had seen the claimant. Although Dr. Thomas thought the claimant should have already made a recovery at the time he examined him, he thought that the condition was temporary and a full recovery would result within three months thereafter. But, O'Neal had not recovered when he was alternately examined by Dr. Strange and Dr. Richardson more than four months later. Dr. Thomas stated that Dr. Strange is a reputable physician and surgeon and he would accept that doctor's diagnosis. He further said that, if a qualified doctor, three months after the examination which he had made, found that there was still a strain to the abdominal wall and tenderness continued to exist, then he, Dr. Thomas, ''could not possibly state how long in the future this man's pain would continue or his strain of the abdominal wall would continue, because it would be a very unusual situation.''

The medical evidence in this record is not actually conflicting, but can be easily reconciled just as the Court said in M. T. Reed Construction Co., et al. v. Martin, 215 Miss. 472, 61 So. 2d 300, where one doctor, on the basis of his finding and treatment, was of the opinion that the claimant's disability would amount to twenty percent, which was in fact a prediction as to what would happen in the future. Against that prediction was the testimony of the doctor, who subsequently treated the claimant, and which showed that the prediction of the other doctor did not come true.

The principle, announced in M. T. Reed Construction Company v. Martin, supra, has been reaffirmed in Lucedale Veneer Co., et al. v. Keel, 223 Miss. 821, 79 So. 2d 233; Modern Laundry, Inc., et al. v. Williams, 224 Miss. 174, 79 So. 2d 829; Williams Brothers Co., et al. v. McIntosh, et al., 226 Miss. 553, 84 So. 2d 692; Masonite Corporation v. Fields, 229 Miss. 524, 91 So. 2d 282; A.

De Weese Lbr. Company v. Poole, 231 Miss. 83, 94 So. 2d 791; Machine Products Co., Inc., et al. v. Wilemon, 234 Miss. 596, 107 So. 2d 114; Wilson v. International Paper Company, 235 Miss. 153, 108 So. 2d 554; Collums v. Caledonia Mfg. Company, 237 Miss. 607, 115 So. 2d 672.

The same situation appears in the present case. Dr. Thomas' belief that claimant would be fully recovered within three months after his examination did not prove to be a fact. This has been demonstrated by the opinions of Drs. Strange and Richardson; and Dr. Thomas said that, if such condition existed at the time of those examinations, he would be unable to say how long this condition will last.

It is true that the claimant actually suffered no loss in pay from the date of his return to work until the date when he gave his testimony, as shown above. This good fortune, however, must be credited to the kindness and generosity of his employer. He has no assurance that he will continue to be the beneficiary of such magnanimity. At the time of the hearing, he had a disability which prevented him from performing some of the acts and duties incidental to his occupation as a welder. Obviously, such impairment has diminished his capacity for earning wages in that occupation.

There was no factual basis upon which compensation could be rightly denied in this case. The award, as made by the attorney-referee, was a proper one and should have been approved.

Consequently the order of the Commission and the judgment of the circuit court will be reversed, and a judgment will be entered here, allowing compensation and other benefits as awarded by the order of the attorney-referee.

Reversed and judgment here for the appellants; and remanded to the Commission.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.