260 So.2d 476 (1972)
DEPENDENTS OF Jack D. ROBERTS, Deceased,
v.
HOLIDAY PARKS, INC. and Hartford Accident and Indemnity Company.
No. 46572.
Supreme Court of Mississippi.
April 3, 1972.
*477 Howard C. Ross, Jr., Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, John B. Clark, Jackson, for appellees.
INZER, Justice:
This is an appeal by the dependents of Jack D. Roberts, deceased, from a judgment of the Circuit Court of Hinds County affirming an order of the Workmen's Compensation Commission denying death benefits to the widow and dependent children of the decedent. We reverse and remand to the commission for the payment of benefits.
This is the second appearance of this case before this Court. On the former appeal, we sustained a motion of the claimants to vacate the judgment of the circuit court affirming the order of the Workmen's Compensation Commission denying benefits and remanded the case to the commission for additional evidence. Roberts' Dependents v. Holiday Parks, Inc. and Hartford Accident and Indemnity Co., 221 So.2d 92 (Miss. 1969).
The record in this case reflects that Jack D. Roberts, deceased, was in his lifetime employed by Holiday Parks, Inc., a Mississippi corporation. He was president and general manager of this corporation and was paid a salary of $13,500 per year. Holiday Parks, Inc. is a subsidiary of General Securities Corporation, a Louisiana corporation. General Securities Corporation is a wholly owned subsidiary of Denson Company, a Mississippi corporation. General Securities owned other subsidiary corporations; they were Music House, Point Coupee Finance Company, and Port Allen Finance Company, all Louisiana corporations. In addition to being General Manager of Holiday Parks, Roberts performed services for all the other corporations. General Securities and Music House both paid him a salary of $150 per month. Denver Wilson is the president of Denson Company, the master corporation, and, as such, he directed the activities of the subsidiary corporations. Holiday Parks was engaged in the business of selling mobile homes and Roberts directed its activities. Roberts had no regular hours of employment and performed such services for the other corporations as was needed. Unless directed specifically by Wilson, Roberts determined for himself what services he would perform for Holiday Parks and the other corporations. Roberts was also a pilot and as such flew an airplane used in the business of the various corporations. This plane was purchased by Music House, but the expense of operating the plane was paid by Denson Company. Roberts traveled in this plane when he had duties to perform away from Jackson. He also flew the plane to carry Wilson on business trips away from Jackson.
On Monday, May 29, 1967, Roberts and Denver Wilson left Jackson in the plane to go to Houston, Texas. The purpose of this trip was to transport Wilson to Houston where he was to transact business for General Securities Corporation. When they reached Houston, Wilson departed from the plane and Roberts flew to Baton Rouge. It was understood that he would return to *478 Houston on Wednesday and bring Wilson back to Jackson. Wilson testified that Roberts was not needed in Houston and that he went to Baton Rouge on business. He did not give Roberts any directions as to what he was to do in Baton Rouge and did not actually know the purpose of his trip to Baton Rouge. There is no direct evidence as to the purpose of this trip from Houston to Baton Rouge, but it is known that while in Baton Rouge he performed services for Holiday Parks, Music House, and at least one other corporation. On Wednesday after Roberts left Baton Rouge to return to Houston, and while in flight, his plane crashed near Crowley, Louisiana, and he was killed instantly.
The Workmen's Compensation Commission held that the evidence on behalf of the claimant is insufficient to show that Roberts was performing services within the course of and scope of his employment with Holiday Parks, Inc. at the time of his death on May 31, 1967. On appeal to the circuit court the order of the commission denying death benefits was affirmed.
It is the contention of the appellants that the circuit court was in error in affirming the order of the Workmen's Compensation Commission because the evidence is sufficient to show that Roberts was in the course of his employment with Holiday Parks on his trip from Houston to Baton Rouge, that he continued to be in the course of his employment when he left Baton Rouge to return to Houston, and therefore, was in the course of his employment at the time of his death.
Appellees contend that when Roberts flew to Houston he was on business for General Securities, that while he was in Baton Rouge he had several errands to do for Music House and General Securities, and that the testimony relative to the business he performed for Holiday Parks covers the period before Roberts left for Houston and does not show any connection with the trip from Baton Rouge to Houston with Holiday Parks.
We are of the opinion that the evidence in this case is sufficient to establish that when Roberts left Houston to go back to Baton Rouge he began a new mission and that it was his purpose to perform services for Holiday Parks, as well as Music House and General Securities Corporation. Consequently, he was in the course of his employment with these corporations from the time he left Houston and continued to be in the course of his employment with them on the return trip. It is well settled that a person may be a servant of two or more masters at one time as to one act. The rule is stated in Dunn's, Mississippi Workmen's Compensation § 185, as follows:
Same; dual employment  A person may be the servant of two masters, not joint employers, at one time as to one act, provided that the service to one does not involve abandonment of the service of the other.
In the case of two authorized employments, the question as to the identity of the employer for whom the employee is working at the time of injury is, of course, a question of fact. If one or the other can be clearly identified, to the exclusion of the other, by reference to the course of the employee's function, then the exclusive liability is placed upon the one so identified. If the employee is in the course of employment by both at the same time, the liability will be jointly imposed. Given the fact of dual employment, it is also generally held that joint liability follows if there is any evidence of joint service at the time or if the matter of joint service is left in any substantial doubt. In the case of a joint service, the employee may recover compensation from either employer, or from both jointly.
It is also well settled that an employee traveling on business for a master is in the course of his employment from the time he leaves his home base until he returns to his home base. If Roberts had left *479 Jackson to go to Baton Rouge to perform these services he would have been in the course of his employment on the return trip. Likewise, when he left Houston to go to Baton Rouge to perform these services he was in the course of his employment for these corporations from the time he left Houston and continued to be on the return trip. We are of the opinion that the commission was in error in holding that the undisputed evidence in this case is not sufficient to establish that Roberts was in the course and scope of his employment with Holiday Parks at the time of his death on the return trip to Houston. Where the finding of the commission is based upon a disputed question of fact supported by substantial evidence, we will not disturb such finding, but where, as here, there is no dispute as to the facts, the matter for decision is one of law. Wilson v. International Paper Co., 235 Miss. 153, 108 So.2d 554 (1959).
The record on rehearing of this cause reflects that as a result of workmen's compensation proceedings in Louisiana claimants received a court ruled compromise settlement of $7,953.38 from the Louisiana employers. This settlement is not a bar to the present claim, but the employer-carrier is entitled to full credit for the amount paid by the Louisiana employers. In Martin v. L. & A. Contracting Co., 249 Miss. 441, 162 So.2d 870 (1964), we said:
It is settled that more than one statute can apply to a single compensable injury, so long as each state has a relevant interest in the case. Accordingly, successive awards can be made in different states, deducting the amount of the first award from the second. Harrison Co. v. Norton, 244 Miss. 752, 146 So.2d 327 (1962); 2 Larson, Workmen's Compensation, § 85, et seq. (249 Miss. at 446-7, 162 So.2d at 872).
For the reasons stated the judgment of the circuit court affirming the order of the Workmen's Compensation Commission is reversed and this case is remanded to the commission for the purpose of payment of death benefits to be reduced by the amount received from the Louisiana claims.
Reversed and remanded.
GILLESPIE, C.J., and JONES, BRADY and SUGG, JJ., concur.