313 So.2d 574 (1975)
STUART MANUFACTURING COMPANY and Zurich Insurance Company
v.
Jessie L. WALKER.
No. 48083.
Supreme Court of Mississippi.
May 26, 1975.
Wise Carter Child Steen & Caraway, Charles T. Ozier, Jackson, for appellants.
Jerry L. Bustin, Forest, for appellee.
Before GILLESPIE, ROBERTSON and SUGG, JJ.
SUGG, Justice:
This is an appeal from a judgment of the Circuit Court of Scott County reversing an order of the Workmen's Compensation Commission.
The claimant, Jessie L. Walker, was employed by Stuart Manufacturing Company as a carpenter, and was injured on September 16, 1971, when an eighty pound bundle of shingles fell on his right foot fracturing the third metatarsal. The attorney-referee found that claimant was entitled to temporary total disability payments from the date of injury to May 15, 1972, the date of maximum medical recovery. No issue is made of this award on this appeal.
The attorney-referee also found that after maximum medical recovery had been reached on May 15, 1972, claimant suffered *575 a permanent partial disability of 20% to his right foot, 10% causally related to the injury of September 16, 1971, and 10% related to a previous fracture of the os calcis and the resulting osteoporosis. Claimant was awarded compensation for permanent partial disability at the rate of $40.00 per week beginning May 16, 1972, and continuing for a period of 12.5 weeks. The order of the attorney-referee was affirmed by the Workmen's Compensation Commission.
On appeal, the Circuit Court of Scott County reversed the finding of the full Commission. The Circuit Court ruled that the evidence was insufficient to sustain a finding that the preexisting injury contributed to the permanent disability of the claimant. Judgment was then entered in favor of the claimant in the amount of $56.00 per week for 125 weeks.
It is first argued that the circuit court erred in awarding compensation for the maximum period of 125 weeks for the loss to claimant's right foot. The award by the circuit court was made under Mississippi Code Annotated section 71-3-17(c) (Supp. 1974) which sets out a schedule for compensation for permanent partial disability resulting from the loss of various body members. The section provides that compensation for the loss of a foot will be paid for a period of 125 weeks. In applying this section, we have held that, where the loss of a scheduled member is less than total, claimant is entitled to compensation at a rate of 66 2/3% of his average weekly wage, subject to the maximum limitations for weekly benefits contained in the Workmen's Compensation Act, for a period of time determined by multiplying the number of weeks compensation for such member by the percentage loss of that member. In this case claimant was awarded permanent partial disability at the rate of $40.00 per week for 12.5 weeks which is 10% of 125 weeks. This is in accord with our holding in Nowlin v. Mississippi Chemical Co., 219 Miss. 873, 70 So.2d 49 (1954). This formula has been subsequently approved in Luker v. Greenville Sheet Metal Works, 240 Miss. 378, 127 So.2d 863 (1961) and in Machine Products Co., Inc. v. Wilemon, 234 Miss. 596, 107 So.2d 114 (1958).
The evidence in this case does not support a finding that claimant suffered a total loss of use of his right foot; therefore, the circuit court's award of compensation for the maximum statutory period of 125 weeks was error.
It is next argued that the circuit court erred in reversing the Commission's finding that at least 10% of the present disability resulted from a previous injury to the right foot. Mississippi Code Annotated section 71-3-7 (1972) provides:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such preexisting physical handicap, disease, or lesion contributed to the production of the results following the injury.
It is the burden of the employer to prove that there was an existing disease or injury which was a factor contributing to the disability. Mississippi Research and Development Center v. Dependents of Shults, 287 So.2d 273 (Miss. 1973). Determination of the degree of contribution of the preexisting disease or injury is a question of fact for the Workmen's Compensation Commission which should not be disturbed unless the finding lacks substantial support in the evidence or is manifestly wrong. Mississippi Research and Development Center v. Dependents of Shults, supra; Southeast Construction Co. v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963).
The evidence in this case regarding the degree of contribution of the preexisting injury is in sharp conflict. Claimant Walker testified that prior to the injury of September 16, 1971, he was able to work and *576 that his right ankle did not bother him very much at all. Dr. Townsend, the claimant's doctor, testified that in his opinion the former fracture of the os calcis did not contribute to the present injury. However, Dr. Townsend did acknowledge that osteoporosis had developed in the claimant's right foot from its disuse. On the other hand, Dr. Warner's report noted that there was considerable restriction of the subtalar joint movement resulting from the old fracture of the os calcis. It was his opinion that the continuing pain in the claimant's right foot resulted, not from the fractured metatarsal, but from the osteoporosis which had developed because the foot had been immobilized as a result of the fractures. Dr. Warner was of the opinion that at least 10% of the present disability was directly attributable to the former injury and to the osteoporosis. Under the circumstances and the state of the evidence existing in this case, we are of the opinion that the circuit court erred in reversing the finding of the Commission that 10% of the present disability resulted from the former injury.
The final question raised on this appeal is the amount of maximum weekly benefits applicable to Walker's claim arising out of the injury of September 16, 1971. Effective July 1, 1972, Mississippi Code Annotated section 71-3-13 (1972) was amended by Chapter 522, Laws of 1972 which raised the maximum weekly compensation from $40.00 to $56.00. Since the increased benefits allowed under the amendment apply only to claims arising on and after July 1, 1972, the circuit court further erred in ordering payments of $56.00 per week to claimant for permanent partial disability to his foot. The injury to claimant's right foot occurred prior to July 1, 1972; therefore, the maximum weekly payment allowable was $40.00.
For the reasons stated, we are of the opinion the finding of the Workmen's Compensation Commission that the claimant had a 20% permanent partial disability to his right foot, 10% of which resulted from a previous injury was supported by substantial evidence. The order of the Commission to pay the claimant $40.00 per week beginning May 16, 1972, for a period of 12.5 weeks is reinstated.
Reversed and order of Workmen's Compensation Commission reinstated.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.