458 So.2d 223 (1984)
David FLAKE
v.
RANDLE REED TRUCKING COMPANY and South Carolina Insurance Company.
No. 54491.
Supreme Court of Mississippi.
October 10, 1984.
Michael H. Steele, Crawley & Ford, Kosciusko, for appellant.
Grace Watts Mitts, Eppes, Watts & Shannon, Meridian, for appellees.
Before BOWLING, HAWKINS and SULLIVAN, JJ.
BOWLING, Justice, for the Court:
This Workers' Compensation case comes from the Circuit Court of Winston County from an order of the circuit court reversing an order of the Workers' Compensation Commission. The commission had affirmed an order of the administrative judge. We find that the circuit court's order of reversal was erroneous and that the unanimous order of the commission should be reinstated.
The appeal involves an area of Workers' Compensation law that has given difficulty over the years; that is injuries to fingers and hands. Appellant, David Flake, was injured on October 15, 1980, when his left hand was caught in a loader while appellant was working around a brick-hauling truck. Appellant was seen after the accident by Dr. John T. Copeland, Jr., of Starkville. His examination revealed two fractures in the third or ring finger. The skin and flesh of the middle or second finger were seriously injured.
Appellant was treated by Dr. Copeland until November 7, 1980, when he was discharged from medical treatment.
On March 2, 1981, at the request of appellee, carrier, Dr. Copeland examined appellant and evaluated his injuries and disability. It was the doctor's opinion that appellant had a thirteen percent (13%) permanent impairment of his second finger and a four percent (4%) permanent impairment of the third finger. Dr. Copeland found that appellant had an inability to either extend or flex the affected fingers to normal positions. Appellant was unable to perform what laymen call "making a fist." Dr. Copeland found that appellant had a seventeen percent (17%) permanent disability to his left hand as a whole.
*224 Appellant testified that he could not grip tightly with his hand because of his stiff fingers and that this often caused him to drop things he was attempting to lift. It was often necessary for him to lift things with his palms instead of trying to use his hand.
The administrative judge found that appellant suffered total disability from the date of his injury on October 15, 1980, until he was released by Dr. Copeland on November 7, 1980, but that as verified by Dr. Copeland, appellant did not reach maximum medical recovery until December 8, 1980. The administrative judge further found that because of the multiple finger injury, the permanent disability involving the injury should be handled as a seventeen percent (17%) permanent disability to the hand as a whole.
The full commission unanimously affirmed the order of the administrative judge, but amended a part of the order specifically holding that claimant achieved maximum medical improvement on November 7, 1980, after which he suffered a "seventeen percent (17%) medical impairment to the left hand." Appellee, carrier, in its appeal to the circuit court, successfully contended that the permanent disability resulting from appellant's injury should be a percentage of disability to the fingers only and not the hand as a whole. The circuit court agreed with appellee and reversed the order of the full commission stating:
The Full Commission Order is prejudicially erroneous in that it fails to follow Section 8 (c)(9)(10) and (23) of the Mississippi Workmen's Compensation Act as interpreted and applied by the Supreme Court of Mississippi in Luker v. Greenville Sheet Metal Works, 240 Miss. 378, 127 So.2d 863 (1961), which this Court finds controlling of the issues involved herein;
FURTHER, the Court finds there is not substantial evidence upon which to base the Full Commission Order and the same should be and hereby is reversed.
The circuit court ordered that the claimant be paid on the basis of thirteen percent (13%) disability to the second finger of the left hand and four percent (4%) disability to the third finger of the left hand.
Appellee contends that the circuit court was correct in its findings of fact, as applied to the existing law set out in Mississippi Code Annotated, Section 71-3-17 (Supp. 1983). Since this Court began reviewing Workers' Compensation cases after the passage of the law by the legislature in 1948, it has been held by the Court that the Workers' Compensation Commission's orders should not be overturned by appellate courts unless manifest error is shown and the commission's interpretation of the facts as applied to applicable law should be affirmed unless manifestly wrong. We recognize that during all these years the same appellate duty to review facts has been set out in the statute and appears now as MCA § 71-3-51 (Supp. 1983), where it states: "The circuit court shall review all questions of law and fact."
We interpret this legislative mandate to mean that the appellate court has the duty to review the facts contained in the record, and to determine whether or not those facts substantiate the order of the Workers' Compensation Commission. The appellate review of facts shall determine whether or not the commission was manifestly in error in its interpretation of those facts.
In contending that the commission erroneously found permanent partial disability to the hand rather than to the two fingers only, the appellee, carrier, and the circuit court relied principally on the Luker case, supra. There the 28-year-old worker had his hand cut in a roller used for sheet metal work. He received injuries to three fingers. Doctors disagreed on the percentage of disability of the fingers and of the hand as a whole. There, unlike the case sub judice, the commission found under the facts of that particular case, and under the medical evidence, the applicable statutes required finding permanent disability percentage of the fingers and not the hand. In that case, the court, through Justice Lee, stated: "The application of subsection *225 17 [now 21] appears to be within the discretion of the commission". The Luker court then held that the commission erroneously computed the amount of the percentage the worker was due for his disability and the judgment rendered here increased the amount of compensation. We do not find Luker in any way mandates that the commission's order in the case sub judice is erroneous. All the Court said in Luker was that we could not hold that the commission was in error in not attributing the disability to the hand as a whole under the "facts" in the record. We held that the commission was not manifestly wrong except in arriving at the figure owed as a result of the percentage of disability. Nowhere did we even indicate that in all cases of finger injuries, the permanent disability should be decided solely on the percentage of finger impairment.
The applicable sections of MCA § 71-3-17 are (c)(21) and (23). Section 21 states:
Two (2) or more digits: Compensation for loss of two (2) or more digits, or one (1) or more phalanges of two (2) or more digits, of hand or foot may be proportioned to the loss of the use of the hand or foot occasioned thereby, but shall not exceed the compensation for loss of a hand or foot.
Section 71-3-17 (c)(23) provides:
Partial loss of partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member.
The Louisiana Court of Appeals in Burandt v. Slicky's Pizza Parlor, 377 So.2d 905 (La. 1979), in a case similar to the case sub judice, reached the same result as the Workers' Compensation Commission did here and found that the trial court properly awarded benefits for a hand disability rather than applying the schedule for partial loss of use of finger or fingers.
We are of the opinion that in reviewing the "facts" of the record as applied to the applicable quoted statutes, the circuit court erroneously held that the facts resulted in the commission's order being manifestly in error. The commission found that under the particular facts of this particular claim, as shown by the undisputed testimony by appellant regarding his hand disability and the medical proof, that the disability rating should be to the hand as a whole. The record does not reveal facts that would justify either the circuit court or this Court reversing the commission's opinion. We therefore find that the circuit court was in error and that the order of the Workers' Compensation Commission be and it is hereby reinstated. The cause is remanded to the commission for further proceedings not inconsistent herewith.
REVERSED, RENDERED AND REMANDED TO THE COMMISSION.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.