KING, P.J.,
for the Court:
¶ 1. Cassandra Miller appeals the decision of the Attala County Circuit Court affirming the Mississippi Workers’ Compensation Commission’s (MWCC) order, which awarded permanent partial disability benefits for a work related injury to the right ring finger only. Aggrieved by this decision, Miller argues the following issue: whether the trial court erred by not awarding permanent indemnity benefits for the entire hand or to the two digits affected by Miller’s work related injury.
FACTS
¶ 2. Cassandra Miller was assigned to work for AMPAD by Holland Temporary Services, Inc. (Holland). In August of 1997, she began work at AMPAD on a processing line which manufactured office folders. On October 18, 1997, while removing file folders from a conveyor belt, Miller’s hand got caught in the conveyor belt and injured her right ring finger and small finger. She was immediately taken to the emergency room at Methodist Medical Clinic in Kosciusko, Mississippi. Upon examination, the emergency room physician determined that Miller sustained a degloved ring finger injury and a fracture of the distal phalange of the small finger. Miller was then referred to Dr. Blake Moore, an orthopedic surgeon, for repair to the ring finger. Dr. Moore placed a number of stitches in Miller’s right ring finger and a splint on the right small finger. Dr. Moore advised Miller to attend occupational therapy at Montford Jones Hospital for strength and range of motion treatment bi-weekly for approximately eight to nine weeks.
*604 ¶ 3. On October 20, 1997, Miller appeared for follow up treatment with Dr. Moore. At that time Dr. Moore released Miller to perform light clerical work based on the condition of her injury. When Miller returned to work, Holland assigned her to light office duty. Miller continued to work at Holland performing clerical work while making periodic follow up visits as needed with Dr. Moore. On December 1, 1997, Dr. Moore reported that Miller had made a full and complete recovery with near 100% function and discharged her from a surgical perspective with instructions to follow up as needed. At that time, Holland assigned Miller to work for Jack-Post Corporation counting and bagging hardware, but Miller expressed no interest in working for the company. Because of her lack of interest in accepting this work assignment, Miller’s file was placed on inactive status. Holland agreed to reactivate her file if she contacted them for work assignments in the future.
¶4. On January 5, 1998, Miller filed a petition to controvert. On January 30, 1998 she returned to Dr. Moore complaining of weakness in her right hand. Dr. Moore noted that this weakness was not clearly apparent during her office visit, but reported that Miller exhibited full passive range of motion with active range of motion five degrees short of full flexion. Dr. Moore indicated a loss of flexion in the right ring finger with full extension in this range which corresponded to a 2% to 4% impairment rating in that finger. Dr. Moore listed no impairment rating for the right small finger. Upon the advice of her attorney, Miller sought a second evaluation with Dr. Edward E. Bryant. On June 10, 1998, Dr. Bryant examined Miller and c.on-cluded that she received 35% permanent partial impairment to the right ring finger and no impairment to the right small finger. He also noted a 4% impairment to the upper extremity and a 2% impairment to the body as a whole. No limitations or restrictions were placed on Miller’s activities.
¶ 5. A hearing was held at the MWCC on September 3, 1998. On December 2, 1998, the administrative judge issued an order finding that Miller had sustained 35% impairment to the right ring finger and no impairment to the right small finger. After the order was entered, Miller filed a petition asking the MWCC to review the order of the administrative judge. On March 29, 1999, the MWCC unanimously affirmed the administrative judge’s order. Miller then appealed to the Attala County Circuit Court, which affirmed the decision of the MWCC. Aggrieved by the circuit court’s ruling, Miller appealed to this court.
ISSUE AND ANALYSIS
I.
Whether the trial court erred by not awarding permanent indemnity benefits for the entire hand or to the two digits affected by Miller’s work related injury.
¶ 6. In her only assignment of error, Miller contends that her compensation should have reflected the loss of the entire right hand or the two digits affected by the injury since she received an impairment rating to two digits. Because of her limited ability to use the two injured fingers and the pain associated with the hand as a whole, Miller argues that she should receive compensation for the scheduled member as a whole. She argues that the facts were incorrectly established and were not supported by substantial evidence. We disagree.
¶ 7. Miller, erroneously relying on Walters Brothers Builders v. Loomis, 187 So.2d 586 (Miss.1966), contends that she suffered an industrial impairment to the two digits on the right hand which affected the use of the entire hand. In Loomis, which is distinguishable from the instant case, the supreme court held that in cases involving traumatic physical injury, the result of the injury should be the controlling factor and not the point of impact or location of the traumatic injury. Id. at 589. *605 Miller did not sustain a traumatic physical injury. Her injury was confined to the two digits on her right hand. Therefore, Loomis is inapplicable to the facts of this case.
¶ 8. This Court will not reverse the decision of an administrative commission unless it is clearly erroneous or contrary to the overwhelming weight of the evidence. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). See also Sibley v. Unifirst Bank for Sav. Through Resolution Trust Corp., 699 So.2d 1214, 1218 (Miss.1997). “The findings and order of the Mississippi Workers’ Compensation Commission are binding on this Court so long as they are supported by substantial evidence.” Sibley v. Unifirst Bank for Sav. Through Resolution Trust Corp., 699 So.2d 1214 (¶ 18) (Miss.1997). See also Fleming Enter., Inc. v. Henderson, 741 So.2d 309 (¶ 16) (Miss.Ct.App.1999); A.F. Leis Co. v. Harrell, 743 So.2d 1059 (¶ 7) (Miss.Ct.App.1999).
¶ 9. In the case before us, Dr. Moore, who treated Miller upon referral from the emergency room, noted that by December 1, 1997, Miller had reached maximum medical improvement and was discharged from a surgical standpoint with instructions to follow up if necessary. Dr. Moore examined Miller for the last time on January 30, 1998, when she complained of weakness in the right hand. During this visit, Dr. Moore reported a 2% to 4% permanent impairment rating to the right ring finger because of a five degree loss in flexion on this finger. Five months later, Miller visited Dr. Bryant, who reported a 35% permanent partial impairment rating to the right ring finger and no impairment rating to the right small finger. Additionally, Dr. Bryant noted a 4% impairment to the upper extremity. Neither Dr. Moore nor Dr. Bryant placed limitations or restrictions on Miller’s activities.
¶ 10. Despite the varying degrees of impairment assigned to the two injured digits by Dr. Moore and Dr. Bryant and Miller’s complaints of numbness in the injured fingers and pain when writing, the administrative judge determined that Miller had suffered a 35% impairment to the ring finger and none to the small finger. Finding Dr. Bryant’s assessment of the upper extremity confusing, the administrative judge did not consider it. Upon appeal, the MWCC affirmed the administrative judge’s order to award compensation based on an impairment rating to the single digit rather than the hand as a whole. Determining whether compensation is awarded based on the loss of use of individual digits or of the hand as a whole is within the discretion of the MWCC and is based upon the particular facts of each case. Luker v. Greenville Sheet Metal Works, 240 Miss. 378, 127 So.2d 863, 864 (1961). In a subsequent case where compensation was awarded for injury to the hand as a whole, the supreme court explained that Luker was only erroneous in its computation of compensation owed to the injured party. Flake v. Randle Reed Trucking Co., 458 So.2d 223, 225 (Miss. 1984). The supreme court reversed the circuit court’s order awarding compensation based on the loss of use of the digits because the facts supported the MWCC’s award to the hand as a whole. Id. The court reiterated in Flake that the MWCC has the discretion to award compensation based on the hand as a whole or to the individual digits, and the decision will not be disturbed if supported by substantial evidence. Id. at 224.
¶ 11. The MWCC determined that Miller suffered from an impairment to the right ring finger only. The MWCC’s order was not clearly erroneous or against the overwhelming weight of the evidence. We are therefore not at liberty to disturb the MWCC’s findings on this point. We conclude that the circuit court was correct in affirming the order and we, therefore, affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS *606 AFFIRMED. APPELLANT IS TAXED WITH COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.