WIYGUL MOTOR COMPANY, et al. *v.* PATE.

No. 41221          October 12, 1959          115 So. 2d 51

*W. P. Mitchell,* Tupelo, for appellants.

*John H. Shands,* Tupelo, for appellee.

McGEHEE, C. J.

In, this case under the Workmen's Compensation Act the appellee, who is the employee of the appellant Wiygul Motor Company, sustained an injury arising out of and in the course of his employment, and was temporarily and totally disabled from May 12, 1956 to July 6, 1956, and was temporarily partially disabled from July 7, 1956, to May 17, 1957, during which latter period his loss of wage earning capacity was $20 per week; and that from May 17, 1957, the claimant had reached maximum benefit of medical recovery and thereafter had a permanent partial disability to the body as a whole which resulted in a loss of wage earning capacity in the amount of $10 per week, and his wage earning capacity since that date and to the date of the hearing before the attorney-referee had been the sum of $40 per week.

It was stipulated that the average weekly wage of the claimant was $50 per week. The attorney-referee found that the claimant was entitled to temporary total disability as provided by Section 8 (b), Sub-section (21), Chapter 412, Laws of 1950, for the period from May 12, 1956, through July 6, 1956; that the claimant was entitled to compensation for temporary partial disability as provided by Section 8 (e) of the said Act for the period from July 7, 1956, through May 17, 1957, at the rate of $13.33 per week; and that the claimant was entitled to compensation for permanent partial disability to the body as a whole as provided by said Section 8 (c) (21) of the said Act in the sum of $6.67 per week for so long as the disability exists, but not to exceed four hundred and fifty weeks.

The appellants find no fault with the findings of the attorney-referee, which were affirmed by the Commission, either as to the extent of the disability of the claimant during the periods aforesaid, or as to the amount of the compensation awarded.

But the appellants do urge that the said Section 8 (b), Chapter 412, Laws of 1950, Sub-section (21), (Section 6998-09 (c) (21), Miss. Code of 1942) is applicable to sustain that part of the allowance made from May 17, 1957, in the sum of $6.67 per week as long as the permanent partial disability continues, instead of Section 6 (b), Chapter 412, Laws of 1950, (Section 6998-07, Miss. Code of 1942), being applicable. The complaint is that the circuit court erred in applying Section 6 (b) and thereby increasing the compensation award of $6.67 per week from May 17, 1957, throughout the period that such permanent partial disability may continue.

It is conceded in the brief, both on behalf of the appellants and in the brief on behalf of the appellee, that this Court has not decided the precise point now before us. The section of the Workmen's Compensation Act here involved and as contained in Chapter 354, Laws of 1948, and Section 6, Sub-section (b), before it was amended, read as follows: "Maximum and minimum weekly. Compensation for disability or in death cases shall not exceed twenty-five dollars ($25.00) per week, nor less than seven dollars ($7.00) per week." But by Chapter 412, Laws of 1950, Section 6, Sub-section (b), reads as follows: "Maximum and minimum weekly. Compensation for disability or in death cases shall not exceed twenty-five dollars ($25.00) per week, nor less than ten dollars ($10.00) per week, except in partial dependency cases." There is no contention that the instant case is a partial dependency case; the award was made to the employee himself.

It would be observed that the foregoing provision of the statute as it now reads is plain and un-

ambiguous on its face. The Legislature may have intended that the words "except in partial dependency cases" be "except in partial disability cases", but we must apply it as written and hold that it is applicable in the instant case.

It is true that the applicability of Section 6, Sub-section (b), in a case of permanent partial disability has not been raised in any prior decisions of this Court, such as Pearl River Tung Co., et al, v. Reyer, 225 Miss. 252, 83 So. 2d 103, Port Gibson Veneer & Box Company v. Lyle Brown, 226 Miss. 127, 83 So. 2d 758. The case of Hale v. General Box Manufacturing Company, 235 Miss. 301, 108 So. 2d 844, was reversed on other grounds, and it was not therefore necessary that the Court pass upon the application of this statute fixing the minimum limitation. In the case of Pepper v. Barnett, 225 Miss. 30, 82 So. 2d 580, there was involved the issue of total temporary disability instead of permanent partial disability. Hence that case is not controlling here.

But in the case of Ebasco Services v. Harris, 227 Miss. 85, 85 So. 2d 784, involving the question of permanent partial disability, the attorney-referee made an award of $16 per week, and the Court in its opinion stated: "On a review by the full Commission, the findings and order of the attorney-referee were, by a majority vote of the Commission, modified so as to fix the appellee's loss of earning capacity at fifteen percent and his rate of compensation at $9.60 per week, and this notwithstanding the provisions of Section 6b, Chapter 412 of the Laws of 1950, Section 6998-07, Code of 1942, fixing the minimum compensation at $10 per week." The circuit court affirmed the Commission. We modified the decision of the circuit court so as to reinstate the award made by the attorney-referee, and affirmed the order as modified. The above-quoted language from the opinion of Justice Holmes in the case of Ebasco Services v. Harris, supra, is the nearest that we have

come to holding that Section 6, Sub-section (b) of Chapter 412 of the Laws of 1950 should be applied in regard to the minimum limitation in permanent partial disability cases, but the appellants correctly observe that that case did not decide the precise point here involved since the Court held that the claimant was entitled to $16 per week as awarded by the attorney-referee instead of the $9.60 per week as fixed by the Commission and affirmed by the circuit court. We did not substitute $10 for $9.60 but $16.00 therefor.

If the interpretation that we have given in this opinion to Section 6, Sub-section (b) of Chapter 412, Laws of 1950, should have the effect of working a hardship or injustice in some cases, the remedy is one to be afforded by the Legislature not by the Court. This statute stands out in the Workmen's Compensation Act in declaring that the "maximum and minimum" weekly compensation for disability, or in the death cases, at $25 per week maximum and not less than $10 per week minimum, "except in partial dependency cases", of which the instant case is not one. We therefore affirm the action of the circuit court in raising the compensation of $6.67 per week awarded by the attorney-referee and Commission to the sum of $10 per week.

Affirmed and remanded.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.