INZER, Justice:
This is a workmen’s compensation case which involves the question of whether there was substantial evidence to support the finding of the Workmen’s Compensation Commission that claimant-appellant John A. Smith had not suffered a loss of wage earning; capacity as a result of a compensatory injury that arose out of and in the course of his employment with appel-lee, Picker Service Company.
Claimant was employed as a cotton picker mechanic and on September 20, 1962, he suffered an accidental injury to his back while performing duties growing out of and in the course of his employment with Picker Service Company. The attorney referee found that this injury resulted in a ruptured or herniated disc in his lower back and that claimant had sustained a permanent partial disability of ten to fifteen percent to the body as a whole. The attorney referee found that claimant had suffered a loss of wage earning capacity in the amount of $10 per week.
Upon review by the full commission, a majority of the commission found that appellant did, in fact, suffer such an injury as found by the attorney referee but he did not suffer any loss of wage earning capacity because after only a short period of time he returned to work in the same capacity and has subsequently maintained a history of steady employment at substantially increased earnings. An order was entered denying the claim for permanent partial disability benefits, and upon appeal to the Circuit Court of Humphreys County, the order of the commission was affirmed, hence this appeal.
The only assignment of error which merits any discussion is the contention that the circuit court was in error in affirming the order of the commission for the reason that the proof in this case shows that the post-injury earnings are unreliable as a basis for computing appellant’s post-injury earning capacity; and, therefore, the presumption that there was no loss of wage earning capacity had been rebutted.
The proof in this case shows that at the time of the injury appellant’s average weekly wage for the preceeding fifty-two weeks was $56.29. After his return to work he continued to work for Picker Service Company in the same capacity until April, 1965. At that time Picker Service Company was purchased by Tractor Supply Company and from this time until the date of the hearing in November, 1967, claimant worked for Tractor Service in the same capacity, but at a different location. His average weekly wages increased each year and for the fifty-two weeks prior to the hearing, his average weekly wage was $125.52.
The pertinent statute involved is Section 6998-09(c), Mississippi Code 1942 Anno *456 tated (Supp.1966). In Russell v. Southeastern Utilities Service Co., 230 Miss. 272, 92 So.2d 544 (1957), construing the statute we said:
The statutory test is calculated by comparing actual earnings before the injury with earning capacity after the injury. The two items are not the same. Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So.2d 789 (1953). The Commission was warranted in finding that appellant’s average weekly wages for one year prior to his injury were $90. Code Section 6998-16. Earning capacity is a more theoretical concept. The test is one of capacity. The trier of fact, the Commission, must make the best possible estimate of future impairment of earnings, on the strength of both actual post-injury earnings and any other evidence of probative value on the issue of earning capacity. This is essentially a question of fact for the Commission.
2 Larson, Workmen’s Compensation Law (1952), Section 57.21, states the recognized approach to this problem, as follows : “It is uniformly held, therefore, without regard to statutory variations in the phrasing of the test, that a finding of disability may stand even when there is evidence of actual post-injury earnings equalling or exceeding those received before the accident. The position may be best summarized by saying that actual post-injury earnings will create a presumption of earning capacity commensurate with them, but the presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. Unreliability of post-injury earnings may be due to a number of things: increase in general wage levels since the time of accident; claimant’s own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings.”
Of course earnings equal to pre-injury earnings are strong evidence of nonim-pairment of earning capacity. However, this is not conclusive. It is a re-buttable presumption, which may be removed by the various factors referred to above. This Court first held to that effect in Karr v. Armstrong Tire & Rubber Co., supra. Later cases in accord are Elliott v. Ross Carrier Co., 220 Miss. 86, 70 So.2d 75 (1954); Mississippi Products [Inc.] v. Gordy, [224] Miss. [690] 1955, 80 So.2d 793, 797; Port Gibson Veneer & Box Co. v. Brown, [226] Miss. [127] 1955, 83 So.2d 757, 761 (1955); Ebasco Services [Inc.] v. Harris, [227] Miss. [85] 1956, 85 So.2d 784; and King v. Westinghouse Electric Corporation, [229] Miss. [830], 92 So.2d 209 [93 So.2d 183], See also 58 Am. Jur. Workmen’s Compensation, Sections 284-285. (230 Miss. at 281, 282, 283, 92 So.2d at 547, 548).
We do not think it would serve any useful purpose to detail the testimony in this case. It is sufficient to say that a careful review of the evidence reveals that there was evidence from which the Commission could have found that claimant had rebutted the presumption that his post-injury earnings were an unreliable basis for estimating capacity, but we cannot say that there is not substantial evidence to support the finding of the commission that he failed to overcome that presumption. Claimant’s post-injury work history of steady employment at substantially increased earnings for a period of five years is certainly strong evidence of non-impairment of earning capacity. The commission is the trier of the facts and it was a question of fact whether appellant had rebutted the presumption. The finding of the commission is not against the overwhelming weight of the evidence and there is substantial evidence to support the finding of *457 the commission. Cox v. International Harvester Co., 221 So.2d 924 (Miss.1969).
For the reasons stated we are of the opinion that this case should be and is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ., concur.