BROOM, Justice,
for the Court:
Workmen’s compensation weekly benefits for permanent partial disability are at issue here. Appellants are the employer Cross Manufacturing, Inc. (Cross hereinafter) and its carrier, Western Casualty and Surety Company, who both contend that the Circuit Court of Jasper County erred in affirming an award to Brenda J. Lowery (claimant) of $25 weekly compensation benefits as previously determined by the administrative judge and the full commission. The appellants argue that claimant’s compensation must be reduced by fifty percent as related to her preexisting problem because this is a case of apportionment of a preexisting disease or condition under Mississippi Code Annotated § 71-3-13 (1980 Supp.). Unable to accept the argument made, we must affirm.
Claimant Lowery’s back was injured during the course of her employment with Cross on May 17, 1977. Apparently her *888 injury resulted when she picked up a box of parts to take back to her machine. After she was treated by a chiropractor, Cross referred her to Dr. E. J. Holder, an orthopedic surgeon in Laurel, who treated her until November 1, 1977. Dr. Holder determined that claimant was unable to return to her same or similar type of employment. He testified that the claimant
has about 30% permanent partial disability to her back, or the body as a whole, as a result of the spondylolisthesis or spon-dylolysis as well as her superimposed sprain. And I would estimate that 50% of her disability is due to the predisposing factor and 50% is due to the alleged injury on 5-17-77.
Claimant’s average weekly wage at Cross was $104, but she now earns $400 a month doing secretarial work for Clareo Construction Company which her brother manages. After Dr. Holder released her, claimant called her former employer Cross and indicated her willingness to return to work, but her call was not availing. In her present employment, she earns $400 monthly or $4,800 annually. At Cross she earned $104 average weekly wages, which computes to an annual wage of $5,408, some $608 more than she presently earns annually, an apparent $11.69 weekly decrease in earnings. She was awarded permanent partial compensation benefits of $25 per week to run for 450 weeks, the maximum time allowed by the Act.
It is the appellants’ position that of claimant’s weekly decrease of $11.69 in her earnings, only one-half is due to the on-the-job injury and the other half due to the “predisposing factor.” Appellants contend, upon the facts of this case, under Mississippi Code Annotated § 71-3-7 (1972), that
even if claimant is to receive any award whatsoever, it must be apportioned, that is reduced to $12.50, or one-half of $25.00, “the compensation which, but for this paragraph [on apportionment] would be payable.”
Claimant maintains, and we agree, that it makes no difference whatever under the Mississippi Workmen’s Compensation Act how her loss of wage earning capacity is computed since this entire case is controlled by Section 71-3-13, Miss.Code of 1972, Ann. as particularly amended in 1976 when the Legislature reinstated a minimum payment in permanent partial disability cases of $25 per week rather than $10 per week. Apportionment applies so long as its effect does not reduce a Claimant’s minimum weekly compensation benefit below the $25 weekly minimum.
Section 71-3-7, supra, our apportionment statute, has not been changed or amended by the legislature since 1968. It provides, among other things, that:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such preexisting physical handicap, disease, or lesion contributed to the production of the results following the injury.
Section 71-3-13, supra, provides:
(1) Compensation for disability or in death cases shall not exceed ninety-eight dollars ($98.00) per week, nor shall it be less than twenty-five dollars ($25.00) per week, except in partial dependency cases.
Our view is that Wiygul Motor Co. v. Pate, 237 Miss. 325, 115 So.2d 51 (1959) is controlling. Wiygul should be considered along with the history of the minimum weekly payment statute. The Wiygul opinion was published on October 12, 1959, at a time when the minimum weekly payment statute provided for a minimum of $7 and read exactly as it now reads insofar as it addressed the only exception: that is, “except in partial dependency cases.”
Involved in Wiygul was the amount of weekly benefits owed the claimant Pate under the section of the compensation act providing for weekly permanent, partial disability. According to that portion of the act, the commission determined that the weekly partial disability owed Pate was $6.67. On appeal the circuit court raised *889 the weekly benefits to $10, as provided by the section in question. Our opinion in Wiygul, at 328-329, 115 So.2d 51, states:
It would be observed that the foregoing provision of the statute as it now reads is plain and unambiguous on its face. The Legislature may have intended that the words “except in partial dependency cases”, be “except in partial disability cases”, but we must apply it as written arid hold that it is applicable in the instant case.
The Wiygul opinion at 330, 115 So.2d 51 sets forth the rule of interpreting plain and unambiguous statutes by holding:
If the interpretation that we have given in this opinion to Section 6, Sub-section (b) of Chapter 412, Laws of 1950, [now Code Section 71-3-13], should have the effect of working a hardship or injustice in some cases, the remedy is one to be afforded by the Legislature not by the Court. This statute stands out in the Workmen’s Compensation Act in declaring that the “maximum and minimum” weekly compensation for disability, or in the death cases, at $25 per week maximum and not less than $10 per week minimum, “except in partial dependency cases,” of which the instant case is not one. We therefore affirm the action of the circuit court in raising the compensation of $6.67 per week awarded by the attorney-referee and Commission to the sum of $10 per week.
Going forward with the history of the minimum weekly payment statute and the apportionment statute, we find that the 1960 Legislature passed the apportionment statute now included as part of § 71-3-7. (The original apportionment statute became effective on January 1, 1959). At the same session, the Legislature amended what is now § 71-3-13, the minimum weekly payment statute, to add the second exception, that is “except in partial disability cases” as well as “in partial dependency cases.” The statute remained in that form until the 1976 amendment which deleted the exception of partial disability cases but retained an exception in partial dependency cases the same as the statute provided when Wiy-gul was decided in 1959.
While considering and debating the proposed amendments to the Workmen’s Compensation Act in 1976, the Legislature had before it the apportionment provisions passed in 1959 and 1960 as well as the weekly minimum statute and its provisions since that time. In its wisdom the Legislature chose to recognize the change in the economy and increase the minimum weekly benefits to $25. It also chose to apply this minimum in all cases “except in partial dependency cases.” The apportionment statute had been in the Code for seventeen years. If the Legislature had intended to except apportionment cases from the minimum weekly payments, it easily could have said so rather than except only partial dependency claims in death cases.
As stated in Wiygul, supra, the wording of the minimum weekly payment statute is “plain and unambiguous on its face” and should be “applied as written.” This Court then added, “the remedy is one to be afforded by the Legislature not by the Court.” The Legislature pegged compensation at the minimum of $25. In the present case, the claimant was injured while performing her manual labor job. After the admitted injury to her back, she was only able to do less vigorous work and held a job largely through the sympathy of her brother. As obviously recognized by the Legislature, a payment to her of $12.50 per week for a limited time is indeed extremely small consideration for an admitted disability brought on by her employment.
The words “but for this paragraph” in § 71-3-7, supra, logically construed mean the same as saying “the maximum, permanent partial disability payments do not apply.” This reasoning is strengthened by sub-section (c) of the apportionment section which reads:
(c) After the date the claimant reaches maximum medical recovery, weekly compensation benefits and maximum recovery shall be reduced by that proportion which the preexisting physical handicap, disease, or lesion contributes to the re- *890 suits following injury. (Emphasis supplied).
Had the Legislature intended for the subsequent Code section mandating a minimum weekly payment to be apportioned, it certainly would have said in sub-section (c) above, “weekly compensation benefits, maximum and minimum recovery shall be reduced, etc.” (emphasis supplied). See V. Dunn, Mississippi Workmen’s Compensation § 400.5 (2d ed. Supp.1978).
Assertion is made by the employer and carrier in their brief that “claimant has made an insufficient effort to obtain employment. ...” This proposition is without persuasion on the facts here presented.
As we have stated previously, the Workmen’s Compensation statutes must be construed fairly so as to accomplish the beneficent purposes of the Act. We have done so here after full consideration of the excellent briefs and oral arguments. No reversible error has been shown, and affirmance is required.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.