503 So.2d 799 (1987)
REICHHOLD CHEMICAL, INC., et al
v.
Raymond L. SPRANKLE, Sr.
No. 56141.
Supreme Court of Mississippi.
February 25, 1987.
*800 Alben N. Hopkins, Lisa P. Dodson, Hopkins, Logan, Vaughn & Anderson, Gulfport, for appellants.
William Harold Jones, Petal, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Harrison County affirming a finding of the full Mississippi Workers' Compensation Commission that Raymond L. Sprankle had sustained a compensable injury. The full commission had earlier reversed the finding of the administrative judge that no such injury existed. We agree with the commission as to compensation, but reverse and remand as to Sprankle's disability.
Raymond L. Sprankle, Sr. worked at Reichhold Chemical's Gulfport plant. He filed a motion to controvert with the Workers' Compensation Commission alleging that on May 29, 1981, he had been suddenly engulfed by a cloud of ammonia gas at work. As a result of this incident he claimed he suffered a 100% loss of his wage earning capacity and 100% permanent disability. Reichhold and its insurance carrier answered denying any job-related injury and arguing, in the alternative, that any injury to Sprankle resulted from a pre-existing disease or condition.
A hearing was held before Administrative Judge Ronald T. Russell and on September 1, 1983, he issued an order finding that on the date in question, Sprankle had suffered a "minor exposure" to ammonia gas but that he had sustained no disability as a result of the incident and that any permanent disability was the result of a pre-existing disease. He therefore ordered Sprankle's claim dismissed. Sprankle petitioned for review by the full commission, which accordingly reviewed the record and held that the administrative judge's finding that the claimant's condition resulted from pre-existing emphysema was "against the overwhelming weight of the evidence." The commission explained that the administrative judge had given insufficient weight to the testimony of Dr. John W. Douglas, a specialist in pulmonary medicine, and that he had placed "undue emphasis" on the fact that Sprankle's physician, Dr. Hillman, did not observe chemical burns when he examined Sprankle two days after the incident. The commission awarded permanent total disability benefits in the amount of $98 per week and ordered Reichhold to pay all reasonable medical expenses. Reichhold appealed to the Circuit Court of Harrison County which reviewed the record and affirmed, explaining that it could not say the commission's finding of compensability was not based on substantial evidence.

NO. I: THE CIRCUIT COURT ERRED IN AFFIRMING THE ORDER OF THE FULL WORKERS' COMPENSATION COMMISSION WHICH WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.
Our established rule is that decisions of the commission will not be overturned, if *801 they are supported by substantial evidence. E.g., Myles v. Rockwell International, 445 So.2d 528 (Miss. 1983); Johnson v. Ferguson, 435 So.2d 1191 (Miss. 1983); Shippers Express v. Chapman, 364 So.2d 1097 (Miss. 1978).
On occasions when the full commission and the administrative judge had differing views, this Court has sided with the commission, even though there was substantial evidence to support the administrative judge's finding. Sam Jones Casing Crews v. Dependents of Skipper, 199 So.2d 436, 438 (Miss. 1967); United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 882, 128 So.2d 579, 580 (1961). We went so far as to say that the administrative judge "is no more than a facility for conducting the business of the commission and for all practical purposes the commission is the actual trier of facts." Railway Express Agency, Inc. v. Hollingsworth, 221 Miss. 688, 695, 74 So.2d 754, 756 (1954). Moreover, where medical expert testimony is concerned, this Court has held that wherever the expert evidence is conflicting, the court will affirm the commission whether the award is for or against the claimant. Kirsch v. Greenville Sheet Metal Works, 192 So.2d 266, 268 (Miss. 1966).
This does not mean, however, that this Court rubber stamps the commission's verdict. The Court may take a closer look at the expert medical evidence undergirding the findings of the commission and the administrative judge. This principle was expressed in one recent case:
Expert medical opinion, however, does not always constitute substantial evidence on which the board may rest its decision. Courts have held that the board may not rely on medical reports, which it knows to be erroneous ..., upon reports which are no longer germane ..., or upon reports based upon inadequate medical history or examinations... .

Johnson v. H.K. Ferguson, 435 So.2d 1191, 1196 (Miss. 1983).
On occasion, we have overruled the action of the full commission and reinstated the findings of the administrative judge (or upheld the circuit court in doing so) when we felt that the full commission was not relying on substantial evidence and the administrative judge was. E.g., Webster Constr. Co. v. Bates, 227 Miss. 207, 216, 85 So.2d 795, 798 (1956); Ebasco Services, Inc. v. Harris, 227 Miss. 85, 94, 85 So.2d 784 (1956). See also, V.S. Dunn, Mississippi Workmen's Compensation § 288 (3rd Ed. 1982).
The appellants contend that this is such a case, because the full commission relied principally on the testimony of Dr. Douglas. They argue, in substance, that because Dr. Douglas and the doctors whose reports he consulted had no access to the medical history of Sprankle as related to Dr. Hillman, their evidence was radically flawed and did not rise to the level of "substantial evidence" necessary to sustain the commission's findings. These are the same factors the administrative judge emphasized in his opinion discussing the testimony of Dr. Douglas.
The full commission on the other hand, was of the opinion that the administrative judge assigned insufficient weight to Dr. Douglas' testimony, given the fact that Dr. Douglas, not Dr. Hillman was Sprankle's "primary treating physician" after the accident, and that Douglas had observed and tested Sprankle intensively. The full commission pointed out that Dr. Hillman, a general practitioner, repeatedly stated he was not qualified to give opinions regarding the effects of ammonia inhalation and emphasized this fact for referring the claimant to Dr. Douglas. According to the commission, the record also did not support the claim that Dr. Douglas was ignorant of Sprankle's prior history of respiratory ailments. The commission points out that while Dr. Hillman had suspected emphysema prior to the accident, he had never diagnosed it. Further, the commission said that while Dr. Hillman had previously treated him for shortness of breath, the records indicated that this was incident to a thyroid problem.
The appellants state that Dr. Douglas relied on the reports of two doctors, Dr. Pinkston and Dr. Cook, who are likewise said to have been in the dark about Sprankle's *802 previous history of respiratory trouble, and on certain scholarly articles about the disease bronchiolitis fibrosis obliterans, and moreover that one of these articles was published in French, a language Dr. Douglas cannot read.
In the first place, the record does not reveal that Sprankle was ever diagnosed as having bronchiolitis fibrosis obliterans, though the disease was discussed during the testimony. Dr. Douglas' actual diagnosis was as follows: "acute trachial bronchitis from inhalation of toxic fumes ... causing marked bronchospasm and hyper-reactivity ... and perhaps scarring of the smaller airways," with some loss of lung diffusion capacity and "mild interstitial fibrosis."
As for Dr. Hillman, he testified that while he had previously observed emphysema in Sprankle, he had not recorded its existence, since Sprankle was then seeing him about other matters. Thus, even if Dr. Douglas had seen Dr. Hillman's history of Sprankle, it would not have put him on notice about Sprankle's past respiratory ailments. The same is true of Drs. Pinkston and Cook.
In any event, the record does not establish that Dr. Douglas "relied" upon the reports and articles in question, in the sense that his diagnosis would have been different without them. Indeed, he made it clear that he disagreed with Dr. Pinkston about Sprankle's condition.
The appellant makes much of the testimony of Drs. Pinkston and Cook if Sprankle had sustained chemical burns as a result of ammonia inhalation, Dr. Hillman could not have missed the signs of it so soon after the incident. The weight of evidence favors him on this point but it is not decisive. Appellant needs to prove that inhalation which would not produce burns around the mouth and tongue could not possibly injure the airways. There is no evidence in the record to that effect. On the contrary, Dr. Douglas testified that Sprankle had sustained an "acute insult" to his air passages. The normal inference would be that the tissue of the interior air passages is more delicate than that of the skin surrounding the mouth and tongue, and that a failure to injure the latter does not prove that the former were not injured.
Finally, appellant contends that the testimony for Sprankle is effectively impeached by the insurance forms he filled out stating that the injury was not job related. However, the commission appears to have believed Sprankle's explanation that he signed these forms in blank and they were later filled out by the doctor's office.
It appears the testimony as a whole, though it could give rise to endless speculation, does not furnish anything which would enable this Court to say with certitude that Dr. Douglas' testimony does not constitute substantial evidence. A more detailed and accurate medical history of Sprankle might have changed Dr. Douglas' diagnosis; however, he did not say so unequivocally. The medical testimony and the inferences which can be legitimately drawn from it are obviously in conflict and the resolution of that conflict was for the commission, not for the appellate court.
It is the long-standing rule of this Court that doubtful cases must be resolved in favor of compensation, so as to fulfill the beneficient purposes of the statute. E.g., Barham v. Klumb Forest Products Center, Inc., 453 So.2d 1300, 1304 (Miss. 1984); Big 2 Engine Rebuilders v. Freeman, 379 So.2d 888, 889 (Miss. 1980); Evans v. Continental Grain Co., 372 So.2d 265, 269 (Miss. 1979). This case seems the quintessential example of a doubtful case. For that reason, if for no other, the decision of the full commission as to compensability should be left undisturbed.

NO. II. THE TRIAL COURT ERRED IN AFFIRMING THE FINDING THE FULL COMMISSION THAT SPRANKLE'S INJURY RESULTED IN PERMANENT TOTAL DISABILITY; IT ALSO ERRED IN AFFIRMING THE FULL COMMISSION'S FINDING THAT A PRE-EXISTING CONDITION DID NOT CONTRIBUTE TO SPRANKLE'S PRESENT CONDITION.
A. PERMANENT DISABILITY. Though we agree with the commission's *803 finding that Sprankle had sustained a compensable injury, it appears that the commission was clearly wrong in finding that he had suffered permanent and total disability. There is absolutely nothing in the record to support that. Not one of the doctors who testified for either side said that Sprankle was permanently or totally disabled. The doctor who came closest to saying this was Dr. Douglas, who said that Sprankle's blood gases and lung diffusion capacity probably would not improve. However, Dr. Douglas himself said that he could not tell whether or not Sprankle had reached maximum medical recovery. He said bluntly there was some chance he could improve. Moreover, no medical experts testified that Sprankle was unable to work. They did say that he ought not to work in an environment where he would be exposed to toxic fumes, but that is hardly the same thing. In short, the full commission clearly erred in finding that Sprankle had been totally and permanently disabled by his injury.
B. APPORTIONMENT OF BENEFITS DUE TO PRE-EXISTING CONDITION. MCA § 71-3-7 (1972) states:
Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation, which, but for this paragraph would be payable shall be reduced by such proportion which such pre-existing physical handicap, disease or lesion contributed to the results following the injury.
The employer/defendant has the burden of showing a pre-existing condition contributed to the claimant's present condition. Riverside of Marks v. Russell, 324 So.2d 759, 763 (Miss. 1975); Stuart Mfg. Co. v. Walker, 313 So.2d 574, 575 (Miss. 1975); Miss. R. & D. Center, 287 So.2d 273, 277. For this purpose the testimony of Dr. Hillman becomes important. The other medical experts may or may not have known about Sprankle's emphysema in arriving at their diagnoses. One of them, Dr. Cook, testified that emphysema probably could not have been the cause of the deterioration of Sprankle's blood gases and diffusion capacity. However, as to the existence of the emphysema, Dr. Hillman gave uncontradicted testimony. Moreover, he was of the opinion that the emphysema not only contributed to Sprankle's present condition, but was the chief cause of it. None of the other medical experts said Sprankle's emphysema had not contributed to his present state, although Dr. Cook did say it could not have caused two of the particular evils currently affecting Sprankle. Therefore, it seems that the commission clearly erred in failing to find that a pre-existing condition contributed to Sprankle's current ailment.
In short, the ruling of the commission on these two points is not supported by substantial evidence. The judgment should be reversed, and the cause remanded for a determination of the nature and extent of Sprankle's disability, and for apportionment of the benefits if the disability is found to be permanent.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.
GRIFFIN, J., not participating.