KING, P. J., for the Court:
¶ 1. Diane Flowers appeals from the judgment of the Panola County Circuit Court affirming the Workers’ Compensation Commission order which denied her claim of total permanent loss of wage earning capacity due to an industrial accident or occupational disease. Aggrieved by this judgment, Flowers has appealed and assigned the following issues for resolution by this Court:
1. Whether the Commission committed reversible error in finding that the substantial evidence of the case supported the Appellee’s contention that Appellant’s connective tissue disease was not connected with her employment.
2. Whether the Commission committed reversible error in apportioning the workers’ compensation benefits due Appellant.
¶ 2. Holding that the Commission’s findings enjoy support in the substantial evidence of the case, this Court affirms.

Facts

¶ 3. Diane Flowers, age forty-two at the time of the hearing, worked at Panola Mills, a tee-shirt manufacturing plant, for twenty-one years. Ms. Flowers was first employed at the plant as a tee-shirt bag-ger. This task was performed by hand until 1994 when the plant automated the process by purchasing machines which did the bagging and folding. Ms. Flowers was the plant’s top producer.
¶4. In February of 1995, just a few months following the introduction of the bagging machines to the plant, Ms. Flowers began to experience pain and numbness in her hands. Upon complaining to the plant nurse about this problem, Ms. Flowers was directed to apply heat and ice to her hands. Receiving no relief, Ms. Flowers next saw the company doctor who ordered additional heat and ice treatments.
¶ 5. On March 1, 1995, Ms. Flowers sought the medical advice of Dr. Thomas Windham, a neurosurgeon. Dr. Windham diagnosed Ms. Flowers with right carpal tunnel syndrome. Dr. Windham performed carpal tunnel release surgery on Ms. Flowers on September 5,1995.
¶ 6. On November 15, 1995, Ms. Flowers reached maximum medical improvement and Dr. Windham assigned her a six percent permanent partial impairment rating.
¶ 7. While still under the care of Dr. Windham, Ms. Flowers was also receiving medical treatment from Dr. Franklin Adams, a rheumatologist. Dr. Adams observed that Ms. Flowers did suffer from right carpal tunnel syndrome but also diagnosed her as suffering from a form of mixed connective tissue disease (MCTD). Dr. Adams explained that MCTD is systemic in nature and, therefore, bore no relation to Ms. Flowers’s work responsibilities. There is no cure for MCTD and it has rendered Ms. Flowers totally disabled.

Standard of Review

¶ 8. Our review of decisions of the Workers’ Compensation Commission is a narrow one. This Court will reverse the decision of the Commission only if it is a product of manifest error, an abuse of discretion, and does not enjoy support in the substantial evidence. Georgia-Pacific Corp. v. Gregory, 589 So.2d 1250, 1253 (Miss.1991).
¶ 9. “We are not permitted to reweigh the evidence to determine where, in our opinion, the preponderance of the evidence lies.” Lanterman v. Roadway Exp. Inc., 608 So.2d 1340, 1345 (Miss.1992).

Discussion

1. WHETHER THE COMMISSION COMMITTED REVERSIBLE ERROR IN FINDING THAT THE SUBSTANTIAL EVIDENCE OF THE CASE SUPPORTED THE APPELLEE’S CONTENTION THAT APPELLANT’S CONNECTIVE TISSUE DISEASE WAS NOT CONNECTED WITH HER EMPLOYMENT.
¶ 10. Ms. Flowers argues that the Commission erred in finding that she *1106 failed to meet her burden of proof that her MCTD was work related. Flowers argues that the Commission should have found in favor of compensability because her MCTD was dormant until she was diagnosed with carpal tunnel syndrome, an admittedly compensable work injury.
¶ 11. The decision in this case is an especially difficult one to reach because the medical community has not yet uncovered what causes Ms. Flowers’s specific form of MCTD. While ever mindful of the maxim that doubtful cases are to be resolved in favor of compensation, Reichhold Chemical, Inc. v. Sprankle, 503 So.2d 799, 802 (Miss.1987), the workers’ compensation claimant bears the ultimate burden of establishing every essential element of the claim. “[I]t is not sufficient to leave the matter to surmise, conjecture, or speculation.” Fought v. Stuart C. Irby, Co., 523 So.2d 314, 317 (Miss.1988).
¶ 12. In this case, Ms. Flowers did not introduce any evidence which supported her contention that her MCTD arose out of and in the course of her employment as required to impose liability on Panola Mills. Therefore, in keeping with the deferential standard of review afforded decisions of the Worker’s Compensation Commission, this Court is duty bound to affirm a decision supported by substantial evidence.
¶ 13. Our review of the record reveals the following uncontroverted expert testimony by Dr. Adams:
1. That he was the only person who treated Ms. Flowers for MCTD;
2. That he found that the occurrence of MCTD was due to rheumatic disease;
3. That carpal tunnel syndrom did not cause or aggravate Ms. Flowers’s MCTD; and,
4. That if the heat and cold packs or use of vibrating equipment did aggravate her condition, that aggravation was only temporary in nature.
¶ 14. After a similar review of the evidence presented in this case, the Full Commission made the following finding:
In the face of this unequivocal expert medical opinion that neither Flowers’ employment nor her carpal tunnel syndrome caused or in any way contributed to her MCTD, we have no choice but to agree with the Judge that Flowers has failed to sustain the burden of proof necessary to support an award of benefits for her MCTD. The very best the evidence shows is that ice packs applied to her hands or the use of vibrating equipment might possibly have aggravated her condition on a temporary basis and this is not enough in the eyes of the law to establish the requisite causal connection between the MCTD and her employment.
¶ 15. In light of these findings, Ms. Flowers’s argument is without merit.
II. THE COMMISSION COMMITTED REVERSIBLE ERROR IN APPORTIONING THE WORKERS’ COMPENSATION BENEFITS DUE APPELLANT.
¶ 16. Ms. Flowers argues that the Commission erred in apportioning her workers’ compensation benefits. The record fails to reflect any apportionment. Therefore, this assignment of error is without merit.
¶ 17. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.
MOORE, J., NOT PARTICIPATING.